MARVIN LIPSON and ROSE C. LIPSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lipson v. Commissioner
Docket No. 6909-81.
United States Tax Court
T.C. Memo 1985-409; 1985 Tax Ct. Memo LEXIS 221; 50 T.C.M. (CCH) 692; T.C.M. (RIA) 85409; August 12, 1985. Rose C. Lipson, pro se. Frank J. Emmons, for the respondent. GALLOWAY
MEMORANDUM OPINION GALLOWAY, Special Trial Judge: This case was assigned to Special Trial Judge Lee M. Galloway for consideration and ruling pursuant to the provisions of section 7456(c) and (d). [1]
Respondent determined a deficiency of $5,852.08 in petitioners' 1979 Federal income tax. The issue for decision is whether Rose C. Lipson (hereinafter sometimes called petitioner) is entitled to claim a medical expense deduction under section 213 for the cost *222 of all or any portion of construction work performed on her and Mr. Lipson's [2] personal residence during 1979. Some of the facts are stipulated and are so found. Petitioner and her husband Marvin Lipson (Marvin) were residents of Chicago, Illinois, at the time their petitioner was filed with this Court. PRELIMINARY MATTERS
This case was originally set for trial at the trial session commencing in Chicago on August 9, 1982, and continued generally on that date pursuant to respondent's joint oral motion. Petitioner's oral motion for a continuance at the November 28, 1983 trial session of the Court was granted until the December 12, 1983, Chicago trial session based on petitioner's representation to the Court and respondent's counsel that she would have available at that time an appraisal and/or other documentary data which would be relevant to trial or settlement of the case. On December 12, 1983, respondent's counsel requested a pre-trial conference after the case was called. In conference, the Court was notified *223 that petitioner had declined to execute a stipulation of facts pursuant to Rule 91. [3] Petitioner was not ready for trial and again requested a continuance to prepare her case. A continuance was granted to the trial session of the Court on March 19, 1984, when the case was called for trial. Petitioner requested a further continuance on the ground that she had contacted an attorney to represent her who reportedly told her that "the Government would have no objection to a continuance in the case." Nevertheless, respondent strongly objected to petitioner's third continuance request and petitioner's motion was denied pursuant to Rule 134. SUBSTANTIVE ISSUES
Petitioner and Marvin timely filed a joint 1979 Federal income tax return with the Internal Revenue Service. On the return medical expenses were claimed as itemized deductions in the following amounts for the purposes indicated below: Medical Insurance (one-half)
Drugs & Prescriptions: Amount paid
$2,300
Less: 1% of AGI [4]
425
1,875
Doctors, Dentists, Nurses, etc.
904
Hospitals
2,719
Forced air system installed for asthma
7,000
Glasses
236
Total
$12,734
Less: 3% of AGI
1,274
Amount claimed
$11,460
*224 In his notice of deficiency, respondent disallowed in full the medical expense deduction claimed for lack of substantiation. Based on additional information furnished, respondent has now conceded that the taxpayers are entitled to deductions under section 213 for $742 medicine and drug purchases (instead of $2,300 claimed prior to applying the 1% limitation) and $5,197 other medical expense payments of the $10,859 claimed. [5] Respondent's concessions resulted in a deficiency slightly in excess of $2,000. As previously stated, Marvin executed a stipulation agreeing to a deficiency of $2,000 and is no longer a party to this proceeding. Petitioner refused to execute the stipulation of agreed deficiency. Petitioner has the burden of proving that she is entitled to a medical expense deduction in excess of the amount allowed [6] by respondent and agreed to by Marvin. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a).
*225 It appears that petitioner is now asserting an overpayment of taxes based on a $55,000 medical expense claimed. It is not clear whether this amount includes the $7,000 [7] deduction designated on the return as "Forced Air System installed for asthma." Fiftyfive thousand dollars is the amount of loan proceeds received by petitioners to improve their residence. Of this amount, $4,000 was paid to an architect and $34,000 to a general contractor. How the remaining $17,000 loan proceeds was spent is not disclosed in the record. Section 213, as applicable to 1979, provided in part as follows: (a) ALLOWANCE OF DEDUCTION. -- There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise -- (1) the amount by which the amount of the expenses paid during the taxable year * * * for medical care of the taxpayer, his spouse, and dependents * * * exceeds 3 percent of the adjusted gross income * * * * * * (e) DEFINITIONS. -- For purposes of this section -- (1) the term "medical *226 care" means amounts paid -- (A) for the diagnosis, cure, mitigation treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body * * * Section 1.213-1(e)(1)(iii), Income Tax Regs., provides in part: (iii) Capital expenditures are generally not deductible for Federal income tax purposes. * * * However, an expenditure which otherwise qualifies as a medical expense under section 213 shall not be disqualified merely because it is a capital expenditure. For purposes of section 213 and this paragraph, a capital expenditure made by the taxpayer may qualify as a medical expense, if it has as its primarypurpose the medical care * * * of the taxpayer, his spouse, or his dependent. * * * a capital expenditure for permanent improvement or betterment of property which would not ordinarily be for the purpose of medical care * * * may, nevertheless, qualify as a medical expense to the extent that the expenditure exceeds the increase in the value of the related property, if the particular expenditure is related directly to medical care. * * * [Emphasis added.] The above regulation requires that petitioner prove that the expenditures *227 in question were incurred for the primary purpose of, and were related to, the medical care of Marvin, who was allergic to dust and cats in the year in issue. See Ferris v. Commissioner,582 F.2d 1122 (7th Cir. 1978), revg. and remanding on another issue a Memorandum Opinion of this Court; Haines v. Commissioner,71 T.C. 644, 647-648 (1979). The record discloses that petitioners moved to their residence, a Hyde Park, Chicago row house, in 1965. The residence had been built about 1900. For the next several years, petitioner renovated the bathrooms and several bedrooms. In 1978, petitioner began working with an architect (Keck) and a general contractor (Snyder) concerning plans for extensive reconstruction of their home. In general, the construction work involved installation of a new forced hot air heating and central air conditioning system, new electrical service throughout the house, replastering and refinishing the floors and woodwork. There is no evidence in the files of either Keck or Snyder that the construction plans and work were discussed with or reviewed by a physician. Petitioner presented no medical testimony in support of her *228 contention that a physician recommended the installation of air conditioning in the home. Over respondent's objection, we admitted in evidence for whatever probative value they have, two statements signed by Walter L. Palmer, M.D. The first was written by the doctor on his letterhead prescription form, which states as follows: To whom it may concern 5/4/78 This will certify that I have advised Marvin Lipson to have air conditioning with filters installed in his home for medical reasons. /s/ Walter L. Palmer The second statement typed on the doctor's letterhead stationery reads as follows: February 13, 1984 MEMORANDUM
This memorandum is being written at the request of Mrs. Rose Lipson who has been a patient of mine since January, 1971. During this period of thirteen years, I have had considerable contact also with her husband, Marvin Lipson, and have on occasion written prescriptions for him as well as for her. * * * I also recommended the use of Alupent inhalant and the installation in his home of an air conditioning system with air filters as per my handwritten note of May 4, 1978. /s/ Walter Palmer, MD Very Truly Yours, These documents contain limited, *229 if any, evidentiary value. Petitioner's statements do not indicate to us that Marvin ever established a professional relationship with the doctor beyond the writing of a few subscriptions. Petitioner's testimony on this important issue was generally confusing, inconsistent, irrelevant and well-nigh incredible. We are unable to find, on this record, that the primary purpose of the improvements was related directly to medical care. Petitioner has failed completely to establish her entitlement to a medical deduction in excess of that previously allowed by respondent and agreed to by Marvin. Rule 142(a). On this record, we must sustain respondent. [8]
Decision will be entered for *230 respondent in the amount of $2,000 in accordance with the Stipulation Of Agreed Deficiency filed with the Court by petitioner Marvin Lipson and respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. On November 28, 1983, petitioner Marvin Lipson and respondent executed a Stipulation Of Agreed Deficiency for the year 1979 in the amount of $2,000.↩
3. Unless otherwise indicated, any "Rules" reference shall be to the Tax Court Rules of Practice and Procedure.↩
4. Adjusted gross income.↩
5. Respondent also disallowed in full interest expense claimed totaling $7,144 and has now conceded that the taxpayers have verified interest paid totaling $8,132. ↩
6. Respondent has conceded that if petitioner fails to establish that she is entitled to deductions for medical expenses in excess of those allowed to Marvin, the deficiency due from her will not exceed $2,000. Alternatively, if petitioner establishes that she is entitled to additional deductions, a resulting deficiency below $2,000 will apply to Marvin as well.↩
7. Respondent concedes that a "nominal" portion of this sum was allowed as a deduction when Marvin and respondent agreed on the stipulated deficiency of $2,000.↩
8. In view of our decision, we find it unnecessary to discuss respondent's alternative contentions that (1) petitioner has failed to establish the proper allocation of the total cost between medical expenses and nondeductible home improvements (see Blackburn v. Commissioner,T.C. Memo. 1982-529), and (2) the medical deduction permitted is limited to the amount not offset by increases in the residence fair market value (see Gerard v. Commissioner,↩ 37 t.C. 826, 829 (1962)).